Dixon v. The Firemen's Insurance Company of New Orleans.

---

SUSAN J. DIXON *v.* THE FIREMEN'S INSURANCE COMPANY OF NEW ORLEANS.

The appellants, stockholders in the Firemen's Insurance Company of New Orleans, having paid only the first instalment of five per cent on each share, the Directors declared the stock forfeited. Plaintiff having obtained judgment against the company, sued out a *fi. fa.* under which interrogatories were propounded to the appellants; and, on a rule taken on them to show cause why they should not be compelled to satisfy the execution to the extent of their unpaid subscriptions: *Held,* that under the act of 10th March, 1838, incorporating the company, the directors had no right to declare the stock forfeited after the payment of only five per cent, and that the appellants were bound to satisfy plaintiff's judgment to the extent of their unpaid subscriptions.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Rozier* and *Roselius,* for the plaintiff.

*Durant, R. N.,* and *A. N. Ogden,* for the appellants.

BULLARD, J. This case, like the two lately decided of *Mandion* v. *The Firemen's Insurance Company, ante,* pp. 177, 178, arose out of the failure of the company, against which the plaintiffs had recovered a judgment and issued a writ of *fieri facias.* The appellants, Bathurst and Cammack, original stockholders of the company, were proceeded against as garnishees, and answered that they had subscribed for stock, but that having failed to pay more than the first five per cent required by the charter, their stock had become forfeited by resolutions of the Board of Directors in conformity to the charter and bye-laws.

---

The case, therefore, presents the question, whether a stockholder could, according to the charter, by refusing to pay the contributions required by it, cease to be a stockholder, so far as third persons dealing with the company are concerned.   This question having been decided against the garnishees, they appealed.

The third section of the charter declares, " that the subscribers of the said company shall pay, at the time of subscribing, five per cent upon each share, and five per cent every sixty days thereafter, until fifty per cent of the capital stock shall be paid in ; provided, that if the fifty per cent should be by losses reduced, *then* the President and Directors shall call in such other instalments, so as that the said company shall *always have in possession* at least forty per cent of its capital ; thirty days previous notice being given of such call in two papers, in English and French ; and any stockholder failing to pay any *such instalment so called for*, shall forfeit to said corporation all previous payments which may have been made, and cease to be a stockholder."

It appears to us obvious, that the authority conferred on the Directors by this section, to declare a forfeiture of stock for the non-payment of instalments, was given as a means of coercion of the payment of said instalments as they were required to call for, in order to keep up the fund in possession to at least forty per cent.   The first fifty per cent is required to be paid by the charter, and the Directors have no discretion.   If not paid, the delinquent stockholder may be sued and compelled to pay.   It is only after the payment of such amount of fifty per cent, when it is evidently the interest of the stockholders to pay further instalments, that they may be called on to pay instalments so as to keep up the capital to at least forty per cent, and, in the event of such payments not being made, after public notice, the stockholder may be compelled to forfeit what he has already paid. The public dealing with the company, and paying premiums of insurance, have a right to believe that there is on hand, to meet occasional losses, at least forty per cent of the capital contemplated by the charter ; and we cannot give such a construction to the charter as would make that the means of avoiding the liability of a stockholder even to the amount to be paid in the

first instance, which was intended as the means of compelling the stockholders to make further payments on their subscription in the event of losses. The public is ignorant of the transaction of the Board with the stockholders, and a proceeding unauthorised by the charter cannot release a stockholder from his responsibility, so far as the creditors of the company are concerned.*

*Judgment affirmed.*

---

* An application, by the counsel of the appellants, for a re-hearing in this case, on the ground of changes in the charter effected by the act of 20th March, 1839, to which it was contended that the appellants had never assented, was refused, as the point had not been made according to the rule of court.